IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES O. WARNER | * | |
| | * | |
| v. | * | Civil Case No. ELH-13-3100 |
| | * | |
| CELLCO PARTNERSHIP | * | |
| d/b/a/ VERIZON WIRELESS, et. al. | * | |
| | * | |

************

REPORT AND RECOMMENDATIONS

Plaintiff James O. Warner filed this case against Defendants Cellco Partnership d/b/a Verizon Wireless, Laura Salmon, Joseph Angel, and Janet Imwold (collectively, "Defendants"), on October 18, 2013, alleging discrimination based on race in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et. seq.*, retaliation in violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et. seq.*, various tort claims arising under Maryland law, and violation of the Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. § 3-501. Compl. [ECF No. 1]; First Am. Compl. [ECF No. 20]. This case has been referred to me for all discovery and related scheduling matters. [ECF No. 67]; *See* 28 U.S.C. § 636(b); Loc. R. 301 (D. Md. 2014). Pending is Defendants' motion to dismiss or for alternative relief. [ECF No. 58]. Mr. Warner has filed a response in opposition thereto, which includes a putative motion to compel. [ECF No. 61]. I have reviewed Defendants' motion, Mr. Warner's response, Defendants' reply to Mr. Warner's response, [ECF No. 64], and Defendants' response in opposition to Mr. Warner's putative motion to compel, [ECF No. 65]. Because Mr. Warner's response did not fully address the waiver issue raised in Defendants' motion, I afforded Mr. Warner the opportunity to file a supplemental brief addressing the issue. Also, since several months have elapsed since Defendants' filed their motion to dismiss, I ordered the parties to provide a joint status update outlining any discovery exchanges that took place in the interim. I

have subsequently reviewed Mr. Warner's supplemental brief and the parties' Joint Status Report. [ECF Nos. 71, 72]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). Although the basis for Defendants' motion is a discovery dispute, because Defendants requested dispositive relief, I have issued a Report and Recommendations concerning the action I recommend this Court take. *See* 28 U.S.C. § 636(b); Loc. R. 302 (D. Md. 2014). For the reasons set forth below, I recommend that Defendants' motion to dismiss or for alternative relief be granted in part and denied in part.

**I.    DEFENDANTS' MOTION TO DISMISS OR FOR ALTERNATIVE RELIEF**

Defendants propounded their first sets of interrogatories and document requests upon Mr. Warner on January 6, 2014 ("discovery requests").[1] Defs.' Mot. 2. Mr. Warner's responses thereto were due on February 5, 2014. *Id.* By February 11, 2014, Mr. Warner had not yet responded to the discovery requests, and Mr. Warner's then-counsel, Mr. Hora, informed defense counsel that he anticipated providing Mr. Warner's responses by February 21, 2014. Defs.' Mot. Ex. 1. Defense counsel responded that, based on Mr. Hora's representation, defense counsel would not raise Mr. Warner's untimely discovery responses with the Court, but contended that because the responses were "overdue," Mr. Warner had waived any objections to the discovery requests. Defs.' Mot. Ex. 2. Thereafter, Mr. Warner terminated Mr. Hora's representation, and the Court granted Mr. Hora's request to withdraw from the case. Am. Mot. to Withdraw as Att'y [ECF No. 24]; Order, Mar. 4, 2014 [ECF No. 25]. On April 11, 2014, the case was stayed for 45 days so that Mr. Warner could seek new representation. Order, Apr. 11, 2014 [ECF No. 32]. The Court declined to determine, at that juncture, whether Mr. Warner had waived his right to

---

[1] Although Defendants may have propounded subsequent discovery upon Plaintiff, the recommendations herein regarding Mr. Warner's waiver of his right to assert objections in response to Defendants' discovery requests apply only to the interrogatories and document requests propounded on January 6, 2014, as those are the only requests with respect to which Defendants' waiver argument was asserted.

object to the discovery requests, the responses to which remained outstanding. *Id.* On June 19, 2014, by consent of the parties, the case was stayed for an additional 30 days to allow Mr. Warner to continue to seek representation. Order, Jun. 19, 2014, ("June 19 Order") [ECF No. 40]. Also by consent of the parties, the Court ordered that "no further extensions will be granted and, if Mr. Warner fails to provide full and complete responses to the outstanding discovery requests by July 18, 2014, the case will be dismissed with prejudice." *Id.* The June 19 Order did not address Defendants' unresolved contention regarding the waiver of objections.

As of July 18, 2014, when his responses were due pursuant to the June 19 Order, Mr. Warner apparently had not yet obtained representation. Beginning at 11:59 p.m. that day, and throughout the following day, he submitted responses to the discovery requests, *pro se*. Defs.' Mot. 4. Mr. Warner successfully obtained representation two weeks later, on July 28, 2014. Notice of Appearance [ECF No. 43]. Defendants now contend that the responses submitted by Mr. Warner *pro se* on July 18 and 19, 2014, were not "full and complete," as required by the June 19 Order, and that dismissal with prejudice is therefore appropriate. Defs.' Mot. 7-8. In response, Mr. Warner argues that, as a function of his *pro se* status, his responses did not conform with those typically issued by attorneys, but that his answers nevertheless complied with the June 19 Order. Pl.'s Resp. 9. Mr. Warner encourages the Court to afford him the flexibility routinely accorded *pro se* litigants when they have substantially complied with the Federal Rules of Civil Procedure. *See id.*

### A. Mr. Warner's Waiver of His Right to Object to Defendants' January 6 Discovery Requests

Whether Mr. Warner's responses constituted "full and complete responses," in compliance with the June 19 Order depends, in part, upon whether he had waived his right to object to the requests. Federal Rule of Civil Procedure 33(b)(4) states that "any ground [for

objecting to an interrogatory] not stated in a timely objection is waived unless the court, for good cause, excuses the failure." [2]  Defendants maintain that, because Mr. Warner did not assert his grounds for objecting to Defendants' interrogatories on or before February 5, 2014, he waived those grounds.  Defendants argue that, to the extent Mr. Warner asserted objections in his July 18 and 19, 2014, responses, those responses were not "full and complete," and did not comply with the June 19 Order.

Mr. Warner "does not contest the fact that his counsel did not respond to Defendants' discovery in February 2014."  Pl. Supplemental Br. 3.  Despite the opportunity to provide the Court with supplemental briefing addressing the issue, Mr. Warner has not, at any point, described "good cause" for his failure to timely respond or object to the discovery requests.  Instead, in his supplemental brief, Mr. Warner makes the bare assertion that the June 19 Order is "easily interpreted" as a determination that Mr. Warner had good cause for his failure to respond to the discovery requests.  Pl.'s Supplemental Br. 4.  However, the language in the June 19 Order simply does not permit that interpretation.  The Court did not address Defendants' waiver argument, either in the June 19 Order, or at any other time.  I thus recommend that the Court now find that Mr. Warner has not shown good cause for his failure to timely assert objections to the discovery requests, and that, as of February 5, 2014, he waived all grounds, other than privilege, for objecting to those requests.  *See Jayne H. Lee, Inc. v. Flagstaff Industries Corp.*, 173 F.R.D. 651, 657 n.16 (D. Md. 1997) (explaining that there is authority for the proposition that asserting

---

[2] Federal Rule of Civil Procedure 34, which governs document production requests, does not contain similar language pertaining to waiver of objections for failure to assert them in a timely manner.  However, the commentary to Rule 34 makes clear that the procedures under Rule 34 were intended to be governed by the same procedures applied under Rule 33, and states, "[t]he procedure provided in Rule 34 is essentially the same as that in Rule 33 and the discussion in the note appended to that rule is relevant to Rule 34 as well."  Fed. R. Civ. P. 34 advisory committee's note, 1970 Amend; *see also Hall v. Sullivan*, 231 F. R. D. 468, 473 (D. Md. 2005) (setting forth "strong policy reasons favoring a requirement that a party raise all existing objections to document production requests with particularity and at the time of answering the request.").  Accordingly, my recommendations pertain to the waiver of objections to both the interrogatories and requests for production of documents.

untimely objections to discovery requests also waives subsequent claims of privilege, but declining to impose such a "draconian" rule). In light of the fact that, on July 18 and 19, when Mr. Warner asserted those objections, the Court had not yet decided whether he had waived his right to object thereto, however, I recommend that the Court find that Mr. Warner's assertion of objections did not violate the June 19 Order.

###    B.    Mr. Warner's Compliance with the June 19 Order

Defendants also contend that Mr. Warner's answers to interrogatories violate the June 19 Order and require dismissal because, aside from the objections asserted therein, his responses are "far from compliant, far from responsive, and far from full and complete." Defs.' Mot. 4. In particular, Defendants argue that Mr. Warner's lengthy narrative, portions of which were copied in response to several interrogatories, was often not responsive to the question being posed. *Id.*; Def. Reply 5. After reviewing Mr. Warner's responses, it indeed appears that he made a good faith effort to provide "full and complete" responses to the discovery requests, by the deadline in the June 19 Order. *See, e.g., Saravia v. Select Portfolio Servicing, Inc.*, Civil Action No. 1:13-cv-01921-RDB, 2014 WL 2865798, at *7 (D. Md. Jun. 23, 2014) ("The Court affords Plaintiff a more lenient standard given his status as a *pro se* Plaintiff."). Considering that effort, I recommend that the Court find Mr. Warner's responses were "full and complete," in compliance with the June 19 Order, and that dismissal under that order is thus inappropriate.

I note that Mr. Warner has a continuing duty to supplement his discovery responses. Fed. R. Civ. P. 26(e). Thus, his counsel must remedy any deficiencies in those responses arising from the determination herein that Mr. Warner has waived his right to assert objections other than privilege. Moreover, now that Mr. Warner has retained counsel, that duty also requires his counsel to supplement Mr. Warner's responses to fill any gap between his purported "substantial compliance" with the Federal Rules of Civil Procedure, and full compliance with the rules. *See*

5

Pl.'s Resp. 9. In Mr. Warner's response to Defendants' motion, his counsel indicated that her effort "to update Plaintiff's *pro se* written responses to Defendants' [January 6 discovery requests] to conform to the typical standards of attorneys . . . is near complete." In the parties' joint status update, Mr. Warner's counsel represented that she has reorganized Mr. Warner's responses and that, pending his approval, the reorganized responses are forthcoming.[3] Accordingly, I recommend that the Court order Mr. Warner to produce his reorganized responses, supplemented in accordance with the Court's waiver determination, within fifteen (15) days of the Court's final order concerning the recommendations herein. Thereafter, if Defendants maintain that Mr. Warner's reorganized and supplemented responses do not comply with the Federal Rules of Civil Procedure, Defendants should request relief in accordance with the Court's rules governing motions to compel. *See* Loc. R. 104.7, 104.8 (D. Md. 2014).

      C.      **Necessity of Additional Time to Depose Mr. Warner**

Defendants also seek a total of fourteen (14) hours to depose Mr. Warner in light of the alleged deficiencies in his discovery responses and the expansive scope and breadth of his allegations. Defs.' Mot. 8-10. Defendants' request is based, in part, on the alleged deficiencies in Mr. Warner's answers to interrogatories, which they claim have prevented them from narrowing the issues for Mr. Warner's deposition. Defs.' Mot. 9. For several reasons, I recommend that the Court refrain from determining, at this juncture, whether additional deposition time is warranted. As noted above, if Mr. Warner's reorganized and supplemented responses do not comply with the Federal Rules of Civil Procedure, Defendants may seek relief pursuant to the Court's rules governing motions to compel. If Mr. Warner's reorganized and

---

[3] Mr. Warner's counsel has repeatedly maintained that her willingness to supplement Mr. Warner's responses is not an admission that his responses were incomplete. Pl.'s Supplemental Br. 4. Although I recommend that the Court determine that Mr. Warner's responses are not so deficient that they require dismissal under the June 19 Order, that determination does not necessarily constitute a finding that his responses comply with the Federal Rules of Civil Procedure. As stated below, that issue will be appropriate for the Court's consideration once Mr. Warner's counsel has produced his reorganized and supplemented responses.

supplemented responses do comply with the Federal Rules, Defendants may nevertheless maintain that the scope of the case is such that they cannot narrow the issues enough to depose Mr. Warner within the seven hours provided by Federal Rule of Civil Procedure 30(d)(1). Finally, it may not become apparent, until after Defendants have had the opportunity to depose Mr. Warner for the seven hours provided under Rule 30, whether additional time is necessary. In light of these uncertainties, it would be premature to determine whether additional deposition time is appropriate at this stage of the discovery process.

## II. PLAINTIFF'S PUTATIVE MOTION TO COMPEL

In his response to Defendants' motion to dismiss, Mr. Warner requested an order compelling Defendants to produce documents that were allegedly withheld based on an "attorney eyes only" designation.[4] Pl.'s Resp. 14. From the parties' Joint Status Report, it appears that the parties have agreed, for the time being, on how to proceed with respect to this dispute. Joint Status Report 4-6. Moreover, Mr. Warner's putative motion to compel did not comply with the Local Rules 104.7 and 104.8, which govern motions to compel. Accordingly, I recommend that the Court decline to address Mr. Warner's putative motion. In the event that the parties' efforts to resolve this or any other discovery dispute absent court intervention deteriorate, the parties should comply with the local rules governing motions to compel.

## III. DISCOVERY SCHEDULE MOVING FORWARD

In the parties' Joint Status Report, Mr. Warner proposed a discovery cut-off date of July 31, 2015, a joint status report deadline of August 3, 2015, and a dispositive motions deadline of August 21, 2015. Defendants did not indicate whether, if the Court denied their motion to dismiss, they agreed to Mr. Warner's proposed schedule. Instead, Defendants suggested that the Court provide the parties fifteen (15) days to confer and propose a new scheduling order.

---

[4] Although Mr. Warner requested relief, his filing was not docketed as a motion.

Accordingly, I recommend that the parties, within fifteen (15) days of the Court's final order concerning the recommendations herein, provide the Court with a joint proposed scheduling order.

## IV.     CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court **GRANT IN PART AND DENY IN PART** Defendants' Motion to Dismiss or in the Alternative for Other Relief for Plaintiff's Failure to Respond to Discovery [ECF No. 58].  Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

## V.     NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  May 8, 2015                                    /s/
                                                                Stephanie A. Gallagher
                                                                United States Magistrate Judge