UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 15, 2016

LETTER TO COUNSEL

RE:   *James O. Warner v. Cellco Partnership, d/b/a Verizon Wireless, Inc., et al.*
      Civil Case No. ELH-13-3100

Dear Counsel:

Pursuant to Judge Hollander's order referring the case to me for discovery, [ECF No. 67], I have reviewed Defendants' Motion to Compel, Plaintiff's Motion to Compel, and the related oppositions, replies, and correspondence. [ECF No. 83, 87, 88, 94, 95, 99, 107]. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, bot motions will be GRANTED IN PART and DENIED IN PART.

I.      **Both Parties' Failure to Comply With Local Rule 104.8**

Both parties' motions appear to be untimely, in part, under Local Rule 104.8.a. That rule requires that any motion to compel addressing dissatisfactory responses to interrogatories or requests for production of documents must be served on the opposing party within thirty (30) days of the moving party's receipt of the allegedly dissatisfactory response.

As best this Court can tell from the record presented, Plaintiff's Motion to Compel expresses dissatisfaction with responses served by the Defendants on February 12, 2014 and April 9, 2014. Because Plaintiff's Motion to Compel was not served until September 28, 2015, it is well outside the deadline in Local Rule 104.8.a, and will therefore be denied as to the alleged deficiencies in Defendants' responses to written discovery requests. Defendants' Motion to Compel likewise expresses dissatisfaction with the amended discovery responses served by Plaintiff's counsel on June 8, 2015. Defs.' Mot. to Compel. Although Defendants appear to have addressed the issues with opposing counsel in a comparatively more timely fashion, still, Defendants' Motion to Compel was not served until September 28, 2015. Thus, Defendants' Motion to Compel will be denied as to those issues. Remaining issues that are not time-barred under Local Rule 104.8.a are addressed below.

II.     **Plaintiff's Audio Recordings**

At Plaintiff's deposition on August 28, 2015, he revealed for the first time that he made "tape recordings of [his] thoughts" as a "method of therapy prescribed by [his] therapist." Defs.' Mot. to Compel Ex. B at 3. Plaintiff explained that he believed that "that method of therapy was prescribed   . . . after [his] tenure with Verizon," and that he considered the recordings to be

Case 1:13-cv-03100-ELH   Document 109   Filed 01/15/16   Page 2 of 4

*James O. Warner v. Cellco Partnership d/b/a Verizon Wireless, Inc., et al.*
Civil Case No. ELH-13-3100
January 15, 2015
Page 2

"[his] diary . . . of [his] sounding board." *Id.* Plaintiff's counsel later clarified that Plaintiff made 177 separate audio recordings between November 27, 2011, and July 29, 2015. Defs.' Reply Ex. 1 at 7. To date, however, Plaintiff has only produced twenty-nine recordings. Defs.' Reply at 3. Defendants seek the remaining 148 recordings as part of complete responses to their existing document requests. *See* Defs.' Mot. to Compel Ex. 3 at 22, 23 (citing Defendant Verizon's Request for Document Production No. 2, Defendant Salmon's Requests for Document Production Nos. 3 and 26, and Defendant Angel's Request for Document Production No. 13). This particular claim is not time-barred by Local Rule 104.8.a, because Defendants did not learn of the deficiency in the production until August 28, 2015, and then filed their motion to compel within thirty (30) days.

Plaintiff asserts that he has produced all of the recordings made during the time he was employed with Verizon, with the exception of three recordings that he claims are privileged. Pl.'s Opp. 9. In their Reply, Defendants assert that the 148 remaining recordings, including those made before Plaintiff was employed by Verizon, should be produced because all recordings are relevant and discoverable, and, in accordance with this Court's ruling that Plaintiff has waived all objections other than privilege, no objections other than privilege apply. Defs.' Reply at 2-13. Defendants assert that none of the recordings is privileged under the attorney-client privilege or under Plaintiff's purported claims of "privacy" and "medical/privacy." *Id.* at 11-13. Moreover, Defendants note that, according to the dates in Plaintiff's privilege log on which each recording was said to be made, Plaintiff still has not produced six audio recordings made prior to the termination of his employment, which Defendants assert are relevant to claims and defenses in the case, as well as "over three years' worth of recordings he made afterward." *Id.* at 4. Defendants argue that all audio recordings made after Plaintiff was terminated are within the scope of discovery. *Id.* at 6-10.

Plaintiff has alleged intentional infliction of emotional distress against all Defendants. Pl.'s Am. Compl. 25. Because Plaintiff alleged that his need to seek therapy was based, at least in part, on the alleged hostile and discriminatory work environment to which he was subjected, and because he alleges that this method of therapy was prescribed to him after he began working at Verizon, his thoughts regarding the emotional toll his work took on him are undoubtedly relevant to the instant litigation. Therefore, any recordings related to his thoughts about his work at Verizon, or any distress it caused him, even after he ceased working there, are relevant. Any recordings made prior to his work with Verizon, however, are not relevant to the instant litigation, and Plaintiff will not be compelled to produce them.

In addition, Plaintiff also alleges the "medical/privacy" privilege as the basis for withholding three of his tapes. *See* Defs.' Mot. to Compel Ex. A. However, no physician-patient privilege exists in federal common law. *See Whalen v. Roe*, 429 U.S. 589, 602 n.28 (1977); *Cappetta v. GC Servs. Ltd. P'ship*, 266 F.R.D. 121, 126 (E.D. Va. 2009). Thus, any assertions of "medical/privacy" privilege are not cognizable.

If he has not already done so, Plaintiff should review the recordings made during and after he stopped working for Verizon (but not the prior recordings), as well as the three

Case 1:13-cv-03100-ELH   Document 109   Filed 01/15/16   Page 3 of 4
*James O. Warner v. Cellco Partnership d/b/a Verizon Wireless, Inc., et al.*
Civil Case No. ELH-13-3100
January 15, 2015
Page 3

recordings he has already withheld on privilege grounds, to determine which, if any, recordings are irrelevant to his work at Verizon, or are privileged on other grounds. If any legitimate privilege exists as to any of the recordings, Plaintiff should so state in a supplemental privilege log provided to Defendants. Plaintiff should also provide a log of recordings withheld on the basis of relevance. Plaintiff is directed to provide all non-privileged recordings relevant to his emotions and thoughts about his work made during the period of his employment with Verizon, and any made thereafter, as well as an updated privilege log as required, **within thirty (30) days from the date of this Order.**

**III.      Depositions of Plaintiff's Wife, Traci Warner, and Father, Mervin Warner**

Defendant Verizon seeks to conduct the depositions of Traci Warner, Plaintiff's wife, and Mervin Warner, Plaintiff's father, and asks that the Court order Plaintiff's counsel to provide a date(s) to conduct the depositions within five days of the Court's Order. Defs.' Mot. to Compel Ex. 9 at 26. Defendants also request that the Court order Plaintiff's counsel to attend Traci Warner and Mervin Warner's depositions. *Id.* According to Defendants, Plaintiff "disclosed for the first time in his deposition on August 28, 2015 the extent to which Plaintiff's wife, Traci Warner, cared for Plaintiff's father, Mervin Warner, during the time Plaintiff applied for and took intermittent leave" under FMLA. *Id.* at 24. As such, Defendants sought to depose Traci and Mervin Warner on the basis that their depositions would serve to support Defendants' arguments against Plaintiff's claims. *Id.* at 25.

Due to the pendency of the discovery deadline, Defendants should have filed for an extension of time to complete discovery after noticing Mervin and Traci Warner's depositions and receiving correspondence from counsel for Plaintiff that she was not amenable to the dates provided in the notice. However, since the depositions were properly sought during the discovery period, the depositions are permissible. To notice and subpoena Mervin Warner and Traci Warner for deposition, Defendants must file a motion to re-open discovery, which will be granted for that limited purpose, and should provide notice to Plaintiff's counsel of their intent to conduct the depositions and a list of potential dates. Counsel for both parties should cooperate to agree on a prompt date for these depositions.

**IV.      Documents Produced in Response to Plaintiff's Second and Third Requests for Document Production**

With respect to the documents produced in response to Plaintiff's Second and Third Requests for Document Production, which Plaintiff asserts were uncategorized and unlabeled, Verizon argues that the single request posed in the Second Set of Requests yielded no documents, and that it objected to Plaintiff's Third Set of Requests for exceeding the thirty requests permitted by this Court's Local Rules without seeking leave of the Court to do so. Defs.' Opp. 11-12. Indeed, no documents were produced in response to the Second Set of Requests, and Verizon is not required to take any further action to supplement its Response. As to the Third Set of Requests, however, Verizon must supplement its responses by referring Plaintiff to the responsive documents by Bates number **within thirty (30) days from the date of**

*James O. Warner v. Cellco Partnership d/b/a Verizon Wireless, Inc., et al.*
Civil Case No. ELH-13-3100
January 15, 2015
Page 4

this Order.

V.      **Defendants' Preparation of Corporate Designees**

Plaintiff accuses Defendants of not having properly prepared its corporate designees for their depositions pursuant to Federal Rule 30(b)(6). Pl.'s Mot. to Compel 49. However, Plaintiff also asserts that he has "not had sufficient time to review" the deposition testimony and cite to the "areas for which the designees did not provide testimony or information." *Id*. Because Plaintiff has not provided any concrete support for his claim that the testimony of Defendants' designees was insufficiently comprehensive, it would be inappropriate to compel Defendants to cover the costs of any future depositions that may be required, as Plaintiff requests. If, after reviewing the deposition transcripts, Plaintiff deems it necessary to re-depose Defendants' corporate designees, and Defendants oppose the re-deposition, he may file a separate motion to compel the depositions and assert the basis for his request.

**Conclusion**

For the reasons discussed above, Defendants' Motion to Compel, [ECF No. 83], is GRANTED IN PART AND DENIED IN PART, and Plaintiff's Motion to Compel, [ECF No. 107], is GRANTED IN PART and DENIED IN PART. Both parties are ORDERED to provide one another with the documents and information discussed herein, within the deadlines set forth herein. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), no fees or expenses will be awarded because relief is being denied in large part to each party.

Despite the informal nature of this letter, should be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

cc:  Judge Ellen L. Hollander