**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 20, 2016

LETTER TO COUNSEL

RE:     James O. Warner v. Cellco Partnership d/b/a Verizon Wireless, Inc., et al.
        Civil Case No. ELH-13-3100

Dear Counsel:

Presently pending is Plaintiff James Warner's ("Plaintiff") Motion for Reconsideration of the Court's January 15, 2016 Letter Order, which, *inter alia*, denied each party's motion to compel responses to the other's interrogatories and document production requests, and denied Plaintiff's request that the Court compel the re-deposition of Defendant Verizon's corporate designees. [ECF No. 109]. Plaintiff asks the Court to reconsider its denial of both of these requests. For the reasons set forth below, Plaintiff's motion is DENIED.

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" may be revisited by the court at any time before an entry of final judgment. Fed. R. Civ. P. 54(b). While Rule 54 does not elucidate the standard for reconsideration of interlocutory orders, such as the discovery ruling at issue here, the Fourth Circuit has held that a motion for reconsideration under Rule 54 is not subject to the same "strict standards" applicable to motions for reconsideration of a final judgment. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Despite this relative leniency, "most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions," and will reconsider an interlocutory order only where: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (citations omitted). None of these justifications is present here.

In its January 15, 2016 Order, the Court denied each party's motion to compel as untimely, and, in so finding, addressed only those issues that were not time-barred. [ECF No. 109]. Plaintiff first seeks that the Court reconsider its denial of his motion to compel additional documents. Plaintiff argues that the Court's Order adopting a deadline of September 28, 2015 for discovery motions, [ECF No. 82], extended the time by which the parties could properly comply with Local Rule 104.8.a, and that, therefore, the parties' motions to compel were timely and should be decided on the merits.

*Warner v. Cellco Partnership, d/b/a Verizon Wireless, et al.*
Civil Case No. ELH-13-3100
January 20, 2016
Page 2

Plaintiff's understanding and characterization of Local Rule 104.8.a are misguided. Rather than provide a deadline by which parties must file motions to compel more complete discovery responses with the Court, Local Rule 104.8.a directs parties to serve their motions to compel, and corresponding memoranda, on one another only. Loc. R. 104.8.a (D. Md. 2014). This Rule explicitly proscribes service through the Court's electronic filing system, and instructs parties not to "file with the Court notices of service of the motion and memoranda." *Id.* Accordingly, any extension granted by the Court related to the deadlines for discovery motions to be filed has no bearing on the parties' compliance with Local Rule 104.8.a. What matters is whether the parties notified one another of their dissatisfaction with discovery responses, via a motion to compel and supporting memoranda, within the thirty-day period after receipt. The record shows that they did not. *See* Pl.'s Mot. to Compel Ex. 5; Defs.' Mot. to Compel Ex. 4.

Moreover, Local Rule 104.8.a provides that "extensions of time given by the parties to one another to serve any document . . . need not be approved by the Court." Here, however, it is clear that there was no agreement between the parties on an extension of time in which to file their objections to each other's discovery responses, as both parties cite to email exchanges between counsel for Plaintiff and Defendants wherein Defendants argue that Plaintiff's objections to Defendants' discovery responses are untimely. *See* Defs.' Mot. to Compel Ex. 4 at 2-4; Pl.'s Mot. to Compel Ex. 5. Thus, the motion to compel additional discovery responses was properly denied for failure to adhere to the Local Rules.

Plaintiff next argues that, by providing a chart summarizing alleged deficiencies in Defendant Verizon's 30(b)(6) witnesses' depositions, he has provided sufficient information for the Court to consider his claim that the deponents were not properly prepared. Plaintiff has indeed provided a comprehensive chart of deposition testimony Plaintiff finds to be insufficient, organized by deposition line number. *See* Pl.'s Reply Ex. O. However, Plaintiff has failed to provide a full copy of the deposition transcripts in which he alleges the deficiencies to exist. Instead, he has supplied only certain pages of disputed testimony in exhibits attached to his motion to compel and the corresponding reply. Even in those exhibits, he has not supplied all of the pages that he claims are deficient in his chart.

Without complete information and the context contained in the full depositions, the Court cannot determine whether the responses were so insufficient as to show improper preparation in violation of Federal Rule of Civil Procedure 30(b)(6). *See Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 487-88 (D. Md. 2005) ("Reviewing the transcript of Mr. Liu's deposition submitted by Plaintiff, it is abundantly clear the [sic] he was woefully unprepared. . . . Mr. Liu testified that he personally had undertaken no steps to prepare for the deposition . . . and he lacked even basic knowledge regarding UIFA as an organization."). It would be inappropriate to order re-deposition on the basis of Plaintiff's characterization and summary of the witnesses' testimony.

For the reasons discussed herein, Plaintiff's Motion for Reconsideration is DENIED. Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

*Warner v. Cellco Partnership, d/b/a Verizon Wireless, et al.*
Civil Case No. ELH-13-3100
January 20, 2016
Page 3

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

cc: Judge Ellen L. Hollander